# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS



**ORIGINAL**

2017 JUN -2 PM 1:41

DEPUTY CLERK _____

Rodney Dewayne Ford
Plaintiff

v. Fitness International LLC DBA

LA Fitness
Defendant

**317-CV1460-L**
Civil Action No.

## COMPLAINT

COMPLAINT FOR VIOLATIONS OF THE CONSUMER PROTECTION LAWS, THE FREEDOM OF SPEECH UNDER THE FIRST AMENDEMENT OF THE CONSTITUTION OF THE UNITED STATES, THE FEDERAL TRADE COMMISSION LAWS, THE CIVIL RIGHTS ACT OF 1965, THE TEXAS DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT, THE RETAIL INSTALLMENT SALES ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, and DEMAND FOR JURY TRIAL and INJUNCTIVE RELIEF.

COME NOW, the PLAINTIFF, Rodney Ford, pro se, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

\* Attach additional pages as needed.

Date: June 2, 2017

Signature: Rodney Dewayne Ford

Print Name: Rodney Dewayne Ford

Address: 2100 TULANE DRIVE

City, State, Zip: RICHARDSON, TEXAS 75081

Telephone: 972-552-0622

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendant, LA Fitness, Inc., and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of The Fair Debt collection Practices Act (15 U.S.C. § 1692 et. seq. and the Texas Deceptive and Unfair Trade Practices Act (17.44 hereafter "DTPA"). Consumer Protections Laws, Federal Trade Commission Laws and the Civil Rights Act of 1964. The Freedom of Speech of the First Amendment of the Constitution. An actual controversy exists between the parties, in that the challenged actions of the DEFENDANT have caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

JURISDICTION AND VENUE:

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.
2. Venue is proper, because the relevant events occurred within Dallas County in the State of Texas, which is located within the northern district of Texas.
3. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.
4. This is an action brought by a consumer for violations of the above named Acts in connection with federal and state laws. Attempts to resolve issue with district manager Traci Quetano have fail short of a resolution. Thus, the plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

PARTIES

1. The Plaintiff is a natural person residing within Dallas County, in Texas.
2. The Defendant LA Fitness, Inc. is a business that uses instruments of interstate commerce to facilitate the operating of its gym facility.

FACTS:

1. Plaintiff signed up for gym membership by phone January of 2014 and it was terminated May 2017.
2. The plaintiff signed up for membership over the phone. The plaintiff was told to pay first and last month dues and no initiation fee. When the Plaintiff first entered the gym an agreement was not presented and no information of the rules within the gym were spoken of, other than the ones posted that were seen by plaintiff on the way to the locker room.  The plaintiff started receiving calls about signing up for a personal trainer. The Plaintiff informed the person calls cannot be received at work and please take my work number 972-361-7112 off the account. They continued to call for months. I sent a letter to corporate asking them to stop and it continued till the contract was ended in May 2017.

3. Over 1,000 days of plaintiff going to the gym seven days a week three hours a day before a complaint was made with the front desk, October 2016,  I was watching my

minor daughter work out as I took a short video. We were the only guest in the area. An employee walked up and stated you can't do that. I ask do what? He stated you cannot train her here. I informed him that is my daughter; he looked at her and then me and asks that is your daughter. I said yes, he took another second and said you are saying that is your daughter and I said yes. I am darker and my daughter looks of Anglo appearance.  The employee walked away. I went to the front desk and informed them of what happened and said he could have ask for my badge and he could see she is on my account. I ask for a manager to call me. The manager called me the next day and stated he was sorry for the service I received.

4. May 30, 2017, the Plaintiff dropped off money at LA fitness location to a minor child for food after her work-out. As the Plaintiff opened the door and walked past the counter the employee stated you need to sign in. The employee was told give me one second I am dropping off money to my child. As the plaintiff moved five feet within the gym door, the employee said you need to sign in; the plaintiff put up one finger and said hold on. The plaintiff entered the gym and gave the money to the minor child and turned around to walk out. As the plaintiff reached the gym door the employee was about to open the door. The Plaintiff walked out the gym and the employee was walking on Plaintiff right shoulder side. The employee said you should have signed in; the plaintiff said ok. The employee said when entering the gym you need to sign in; the plaintiff said ok I already gave her the money I am leaving. As we both reach the front counter the employee stops as the Plaintiffs continues to walk and states it better not happen again and plaintiff states as he leaves the building I am never signing in.

5) That night the plaintiff goes to the LA Fitness that he has visited 98 percent of the time he has been a member and signed in.
6) The next day district manager for LA Fitness Traci Quetano called Plaintiff work number and after a Hello the plaintiff has to hang up because he cannot talk at that time. Traci calls back again and Plaintiff has to tell her to call on his cell number, which she did.
7) The plaintiff had to go outside during working hours and had an hour and fifteen conversation with Traci. 30 to 45 minutes into the conversation Traci stated I was hoping just to call your phone and you say you had a bad day and this could have ended and everything would have been fine. I explained to her I wasn't having a bad day and I did not treat the employee bad I just said ok and I am never signing in. I ask her to look at the camera and she will see I was not upset and I did not curse or show any aggression. When the plaintiff would not admit he treated the employee bad Traci said we have been on the phone an hour and this is what is going to happen I am suspending your service for 60 days. When I told her I did nothing wrong she said I can cancel your service or 60 day suspension. The plaintiffs told her people go in and out all the time without signing in and I was not using the equipment and where does it show I have to sign in? The plaintiff informed her that the employee talked to him like he was a slave. At that point Traci gasp and stated no I am ending the service you just called my employee a racist. I informed her I did not call him a racist; I said he spoke to me as a slave. She said it is 2017 and he treats you like any other person. She terminated my agreement.

8) The plaintiff asks to speak with her supervisor and Traci stated there is no one to speak to and finally she said I will have another district manager call you. An hour later I received a call from a David Broom who stated I am not going back over the issue; Traci

has already spoken with you. When Plaintiff ask could he send or could I go get my service agreement David Broom stated I am not helping you in anyway and your membership is revoked.
9) Plaintiff has video proof of a LA Fitness employee trying to provide agreement and he stated it is locked and only an operational manager (Traci or David) could provide that to me. Both Traci and David had verbally stated they are not giving any agreement.
10) LA Fitness has violated the law by signing customers up by phone but not providing the agreement that has the rules that they will cancel your service for. And leaving you with the impression as long as you pay every month and follow the posted rules your service will not get canceled. LA Fitness by violating the law caused Plaintiff to receive a written writing at job for personal phone calls; they were told Plaintiff cannot receive calls at work verbally and in writing. LA Fitness violates the Civil Rights Act by terminating Plaintiff service for using the word slave. Had an Anglo used it would it have had the same effect on Traci?


Count 1- Violations of Telephone Consumer Protection Act
Count 2- Violations of Civil Rights Act of 1965
Count 3- Violations of the Retail Installment Sales Act
Count 4-Violations of The Federal trade Commission Laws
Count 5-Violations of The Texas Deceptive and Unfair Trade and Practices Act.

For an order awarding punitive damages, compensatory damages and statutory damages the Plaintiff seeks 75,000.
Please take notice that the Plaintiff demands trial by jury in this action.



KEN PAXTON
ATTORNEY GENERAL OF TEXAS

June 1, 2017

RODNEY FORD
2100 TULANE DRIVE
RICHARDSON TX 75081

Re: LA Fitness    Complaint No: CGS-65312

Dear Rodney Ford:

Thank you for your recent correspondence regarding a possible violation of consumer protection laws. Consumer complaints help monitor trends, and assist us in determining enforcement priorities as we work to protect Texans from deceptive business practices.

We will review the information that you have provided, and will contact you if we need additional information. Otherwise, you will not receive further communication from this office regarding your complaint. We do not represent individuals in personal civil matters, and thus cannot take direct action on every complaint.

In matters of statewide significance, or when substantive evidence indicates that a person or business is systemically violating Texas law, the Attorney General may take action on behalf of the collective legal interests of the people of this state. Your information will be kept in our files to be used to help us monitor trends in business practices and determine priorities in our enforcement efforts.

We appreciate your time and interest in preventing consumer law violations and in the affairs of Texas consumers. We rely on citizens like you to help us enforce the Deceptive Trade Practices Act and other consumer protection laws.

Consumer Protection Division
Office of the Attorney General