U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 1 5 2017

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| RODNEY DEWAYNE FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 317-CV1460-L |
| | ) | |
| FITNESS INTERNATIONAL, LLC, | ) | |
| D/B/A LA FITNESS, | ) | |
| | ) | |
| Defendant | ) | |

### PLAINTIFF'S BRIEF IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS [FED.R.CIV.P. 12(b)(6)]

COMES NOW, RODNEY DEWAYNE FORD, Plaintiff, and pursuant to Local Rule 7.1 of the U.S. District Court, Northern District of Texas, files this, his Brief in Support of Opposition to Defendant FITNESS INTERNATIONAL, LLC, D/B/A LA FITNESS' Motion to Dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6), and would respectfully show the Court as follows:

### I.
### Introduction

1. Plaintiff represents himself on a *pro se* basis. On June 2, 2017, Plaintiff filed of record his Original Complaint, complaining about Defendant, FITNESS INTERNATIONAL, LLC, D.B.A LA FITNESS [*Docket #3*].

2. Defendant has filed of record its Rule 12(b)(6), Fed.RCiv.P., Motion to

1

Dismiss for failure to state claims upon which relief can be granted ("Motion") [*Docket #15*]. Defendant's Motion challenges the content of Plaintiff's Original Complaint. Specifically, the Defendant alleges that five ambiguous claims have been alleged by the Plaintiff. These claims were alleged in Plaintiff's Original Complaint as violations of the Telephone Consumer Protection Act (Count 1), violations of the Civil Rights Act of 1965 (Count 2), violations of the Retail Installment Sales Act (Count 3), violations of the Federal Trade Commission Laws (Count 4), and violations of the Texas Deceptive and Unfair Trade and Practices Act. (Count 5).

3. To remedy pleading defects and inadequacies raised in Defendant's Motion, the Plaintiff has amended his Complaint. See Plaintiff's First Amended Complaint. This newly filed amended complaint cures the issues raised in Plaintiff's Motion. Therefore, Defendant's Motion to Dismiss should be denied.

4. Plaintiff has pled in his amended complaint enough facts to state claims for relief that are plausible on their face. Plaintiff's amended complaint provides the Defendant with fair notice of the claims brought and, moreover, provides detailed factual allegations to support claims for the following causes of action:

a. For Plaintiff's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 (Count 1 before, now Count I);

b. For Plaintiff's racial discrimination and equal protection violations, prohibited by the Civil Rights Act of 1964, 42 U.S.C. §1981 (Count 2

2

before, now Count V);

c. For Plaintiff's violations of the Federal Unfair Debt Collection Practices Act, 42 U.S.C. §§1692c(a)(1) and (3), 15 U.S.C. §1692d(5) and 15 U.S.C. §1692e(11) (Count 4 before, now Count II);

d. For Plaintiff's violations of the Texas Retail Installment Sales Act, §§345.001 through 345.357, Tex.Fin. Code (Count 3 before, now Count III); and

e. For Plaintiff's violations of the Texas Deceptive Trade Practices– Consumer Protection Act, §§17.41, *et. seq.* (Count 5 before, now Count IV).

## II.
## Plaintiff's First Amended Complaint Cures Previous Pleading Defects and Factual Inadequacies and Satisfies the Standard to Overcome a Rule 12(b)(6) Motion

5.   To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal,* 495 F.3d 191, 205 (5th Cir. 2007) *(citing Bell Atl. Corp. V. Twombly,* ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007)).  Factual plausibility requires facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)). Essentially, under the federal rules, the complaint is liberally construed in favor of the plaintiff, and all well-pleaded facts are taken as true. *Id.* (citing *Ashcroft,* 566 U.S. at 678-79, 129 S.Ct. 1937 and *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197

(2007)). To avoid dismissal under Rule 12(b)(6), the plaintiff must (1) give defendant fair notice of the nature of the claim, and (2) provide plausible factual allegations to support the claim. See *Iqbal,* 566 U.S. at 679.

6.   Factual allegations must be enough to cause a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *In re Katrina Canal,* 495 F.3d at 205.  The central issue is whether in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Great Plains Trust Co. v. Morgan Stanley Dean Witter Co.,* 313 F.3d 305, 312 (5th Cir. 2002); *Iqbal,* 556 U.S. at 662; Fed.R.Civ.P. 8(a)(2).

7.   Plaintiff's allegations set out in his amended complaint present more than a *prima facie* case as to each of the following causes of action:

a.   **Telephone Consumer Protection Act, 47 U.S.C. §227**: The facts alleged cite the sections of the Act violated and the fact that (1) Defendant called Plaintiff's work and private cell phone, (2) Defendant used an automatic dialing system, and (3) without the recipient's prior express consent. See, e.g. *Meyer v. Portfolio Recovery Assoc.,* 707 F.3d 1036, 1043 (9th Cir. 2012).

b.   **Civil Rights Act of 1964, 42 U.S.C. §1981**: The facts alleged cite the sections of the Act violated to prove a claim for racial discrimination and

equal protections rights violations. The Plaintiff also factually alleges that (1) he was a member of a racial minority, being African American, (2) that there was an intent to discriminate on the basis of race by Defendant, and (3) that the discrimination involved one or more of the activities enumerated in the Act. See *Green v. State Bar of Texas,* 27 F.3d 1083, 1086 (5th Cir. 1994). Detailed facts are alleged supporting these required elements.

**c.    Federal Unfair Debt Collection Practices Act, 42 U.S.C. §§1692c(a)(1) and (3), 15 U.S.C. §1692d(5) and 15 U.S.C. §1692e(11):** The facts alleged cite the sections of the federal provisions violated in connection with Defendant's debt collection efforts.  The Plaintiff also provides factual details which make the Plaintiff's claims more than mere conclusions. Specifically, the Plaintiff details Defendant's conduct involving debt collection calls which were made at Plaintiff's workplace and on his cell phone in spite of being directed repeatedly not to call him at both places, which constituted inconvenient, harassing and abusive conduct, violating 42 U.S.C. §§1692c(a) and (3).  Defendant also violated 15 U.S.C. §1692d(5) by engaging in debt collection conduct which was harassing, oppressive or abusive, and even when told not to call the Plaintiff, the calls continued, with the intent to annoy, abuse or harass the Plaintiff at work and on his private

5

cell phone.  Defendant violated 15 U.S.C. §1692e(11) by not providing the Plaintiff with an initial debt collection communication known as a "mini Miranda" disclosure.

   d. **Texas Retail Installment Sales Act, §§345.001 through 345.357, Tex.Fin. Code:** Detailed facts are alleged by the Plaintiff.  Plaintiff cites the specific sections of the Act violated by the Defendant by failing to provide a copy of Plaintiff's membership contract after making numerous requests for a copy.  Secs. 345.065 and 345.301, Tex.Fin. Code.

   e. **Texas Deceptive Trade Practices– Consumer Protection Act, §§17.41, _et. seq._, Tex. Bus. & Comm. Code:** Detailed facts are alleged by the Plaintiff showing how the Defendant violated §§17.46(b)(5), (7) and (12), Tex.Bus. & Comm. Code.  Additional facts are alleged establishing that Defendant's conduct was unconscionable, knowing and intentional, in further violation of the Act's provisions.

   8.  Finally, Plaintiff has pled in detail the damages and injuries which he sustained as a proximate/producing cause of the Defendant's wrongful conduct.

   In conclusion, Plaintiff has given the Defendant fair notice by providing a statement showing that he is entitled to relief.  Fed.R.Civ.P. 8(a)(2).  Accordingly, Defendant's Rule 12(b)(6), Fed.R.Civ.P., Motion to Dismiss should be in all things

denied. Finally, Plaintiff asks the Court for such other and further relief, at law or in equity, as the Court may deem appropriate.

Respectfully Submitted,

**Rodney Dewayne Ford**
*Pro Se* **Plaintiff**
2100 Tulane Drive
Richardson, Texas 75081
Telephone: (972) 552-0622

## CERTIFICATE OF SERVICE

I hereby certify that on this 14 day of December, 2017, a true and correct copy of Plaintiff's Brief in Support of Opposition to Defendant's Motion to Dismiss was forwarded to the following legal counsel of record via First Class U.S. Mail, Certified Delivery, Return Receipt Requested:

Wesson H. Tribble
Andrew D. Van Velzel
6371 Richmond Ave.
Houston, Texas 77057

**Rodney Dewayne Ford**

7