IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY DEWAYNE FORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:17-cv-1460-L-BT |
| | § | |
| FITNESS INTERNATIONAL, LLC, | § | |
| *doing business as* LA FITNESS, | § | |
| | § | |
| Defendant. | § | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil action has been referred to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b).[1] Before the Court are Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 20) and Defendant's Motion for No-Evidence Summary Judgment (ECF No. 24). For the following reasons, the District Court should GRANT Defendant's Motions and dismiss with prejudice all of Plaintiff's claims and causes of action.

### **Background**

Plaintiff Rodney Dewayne Ford filed this lawsuit against Defendant Fitness International, LLC, d/b/a LA Fitness, after Defendant allegedly cancelled his gym

---

[1] The parties previously consented to proceed before United State Magistrate Judge Paul D. Stickney (ECF No. 13). However, Judge Stickney retired in January 2018, and the parties, after being provided with a Notice of Option to Consent (ECF No. 23), did not consent to have the undersigned conduct all further proceedings. Accordingly, the case must be returned to the district judge who originally presided over the matter, and the undersigned issues these Findings, Conclusions, and Recommendation pursuant to 28 U.S.C. § 636(b). *See* SPECIAL ORDER NO. 3-316 (Jan. 26, 2018).

membership. By his First Amended Complaint, which is the live pleading in this case, Plaintiff alleges that he was a member of Defendant's fitness club from January 2014 until May of 2017 and that he exercised seven days a week, for three hours a day, at one of Defendant's gyms in the Dallas, Texas area. Am. Compl. 3 ¶ 10 & 4 ¶ 12 (ECF No. 17). Plaintiff also trained his minor daughter at Defendant's gym. *Id.* at 5 ¶ 12. Plaintiff alleges that, in October of 2016, one of Defendant's employees confronted him about videotaping his daughter's workouts. *Id.* Plaintiff contends that the gym employee initiated the confrontation and treated him with hostility during the encounter because Plaintiff is a dark-skinned African-American and his daughter looks white. *Id.* Plaintiff further alleges that, on May 30, 2017, he stopped at the gym to give money to his daughter, who was exercising there. *Id.* at 6 ¶ 14. A white employee who was working at the counter demanded that Plaintiff sign in. *Id.* Plaintiff refused to sign in because he was only at the gym to drop off money for his daughter. *Id.* The following day, District Manager Traci Quetano allegedly called Plaintiff while he was at work. *Id.* at 7 ¶ 17. Plaintiff told Ms. Quetano that the employee at the counter talked to Plaintiff "like he was a slave." *Id.* 9 ¶ 19. At the end of the conversation, Ms. Quetano allegedly terminated Plaintiff's gym membership. *Id.* When Plaintiff asked to speak to a supervisor, Ms. Quetano had General Manager David Broom call Plaintiff. *Id.* at 9 ¶ 20. Mr. Broom allegedly informed Plaintiff that gym membership was revoked. *Id.* at 10 ¶ 20. Plaintiff alleges that Defendant does not require white members to sign in every time they

visit the gym, and that he was treated differently because he is African-American. *Id.* at 7 ¶ 16; 10-11 ¶ 22. Plaintiff further alleges that Defendant failed to provide him with a copy of his membership contract and that Defendant made repeated calls to Plaintiff's cell phone and work phone in an effort to collect past due membership fees. *Id.* at 10 ¶ 21; 11 ¶¶ 23-24.

Based on this alleged conduct, Plaintiff filed this civil action asserting claims against Defendant for violations of (1) the Telephone Consumer Protection Act; (2) the Federal Unfair Debt Collection Practices Act; (3) the Texas Retail Installment Sales Act; (4) the Texas Deceptive Trade Practices Act; and (5) the Civil Rights Act of 1964. Am. Compl. 13, 15, 17, 20 (ECF No. 17). Defendant has moved to dismiss all of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6), *see* Mot. Dism. (ECF No. 20), and for summary judgment on the ground that Plaintiff has no evidence of at least one essential element for all of his claims, *see* Sum. J. Mot. (ECF No. 24). Plaintiff failed to file a response to either of Defendant's Motions, and the time for doing so has expired.[2] Accordingly, the Court considers Defendant's Motions without the benefit of any response by Plaintiff.

## Legal Standards

Defendant has moved for dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) and for summary judgment under Fed. R. Civ. P. 56(a). When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-

---

[2] On July 6, 2018, Plaintiff filed a CD containing a video recording and an email Plaintiff sent to defense counsel. (ECF No. 26). Although not required to consider this untimely submission, the Court, in the interest of justice, has reviewed the video and email.

pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205-06 (5th Cir. 2007). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Plaintiff's Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by demonstrating that there is an absence of evidence which supports the nonmoving party's case for which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, the court must grant summary judgment in favor of the movant. *Celotex*, 477 U.S. at 322-23.

## Analysis

### Civil Rights Act, 42 U.S.C. § 1981

Plaintiff alleges that Defendant discriminated against him and subjected him to unequal treatment because of his race in violation of Section 1981 of the Civil Rights Act of 1964. Am. Compl. 20 ¶ 56 (ECF No. 17). Section 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by

white citizens." 42 U.S.C. § 1981(a). To succeed on a Section 1981 discrimination claim, a plaintiff must establish (1) that he is a member of a racial minority; (2) that the defendant had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute, which in this case is Plaintiff's right to make and enforce contracts. *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2013) (citing *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001)). The plaintiff must allege and ultimately prove purposeful discrimination. *General Bldg. Contracts Ass'n Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982).

Here, Plaintiff has not shown that he can raise a genuine fact issue to prove a violation of Section 1981. Plaintiff has not identified any evidence that Defendant had an intent to discriminate against Plaintiff on the basis of race; nor has he identified evidence that Defendant's actions involved Plaintiff's right to make and enforce contracts, or any of the activities enumerated in the statute. Plaintiff's conclusory allegations set forth in the First Amended Petition that (1) "Caucasian members were treated entirely different than African American members," *see* Am. Compl. 9 ¶ 19; (2) "Caucasian members of the Defendant's gymnasium intending to use the facilities and equipment are treated differently, as they are not always required to sign in," *id.* 7 ¶ 16; and (3) "Caucasian members never had their gym memberships terminated for an alleged single incident of the failure to sign in," *id.* at 11 ¶ 22, are not evidence and are insufficient to withstand summary judgment.

Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim under the Civil Rights Act, and the District Court should dismiss this claim with prejudice.

### Federal Unfair Debt Collection Practices Act ("FDCPA") & Telephone Consumer Protection Act ("TCPA")

Plaintiff alleges that, during the term of his gym membership, Defendant "engaged in a prohibited pattern and practice of calling the Plaintiff at his place of work and on his cell phone in an effort to collect debts related to his gym[ ] membership." Am. Compl. 11 ¶ 23 (ECF No. 17). Plaintiff alleges that he never consented to receive collection calls from Defendant and that, even after he directed Defendant's staff not to call him at work, the calls continued. *Id.* 11 ¶ 24 & 12 ¶¶ 26-27. Based on this alleged conduct, Plaintiff asserts claims for violations of the FDCPA and the TCPA.

To state a FDCPA claim, Plaintiff must allege facts sufficient to show: "(1) [Plaintiff has] been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Hunsinger v. SKO Brenner American, Inc.*, 2013 WL 3949023, at *2 (N.D. Tex. 2013) (quoting *Browne v. Portfolio Recovery Assocs., Inc.*, 2013 WL 871966, at *4 (S.D. Tex. 2013)). The purpose of the FDCPA is to "eliminate abusive debt collection practices *by debt collectors* . . . and to . . . protect consumers against debt

collection abuses." *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 668 (5th Cir. 2012) (emphasis added). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." *Wagstaff v. Dept. of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007) (citing 15 U.S.C. § 1692a(6)). Creditors who collect debts in their own name and whose principal business is not debt collecting are not subject to the FDCPA. *Verizon Emp. Benefits Comm. v. Boyer*, 2007 WL 2258685, at *2 (N.D. Tex. 2007) (citing *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998)). Here, Plaintiff fails to allege that Defendant Fitness International, doing business as LA Fitness, is in the business of collecting debts. Rather, Plaintiff alleges that Defendant is in the business of operating gym facilities. *See* Am. Compl. 3 ¶ 8, (ECF No. 17). Defendant is thus entitled to dismissal of Plaintiff's FDCPA under Fed. R. Civ. P. 12 (b)(6).

Defendant is further entitled to summary judgment on Plaintiff's FDCPA claim on the ground that Plaintiff has failed to produce evidence to raise a genuine fact issue as to whether: (1) he was the object of a collection activity arising from consumer debt; (2) Defendant was a debt collector under the statute; and (3) Defendant attempted to collect any debt by unfair and unconscionable means. Summ. J. Br. 5 ¶ 17-19 (ECF No. 24-2). Plaintiff failed to file any response to Defendant's summary judgment motion highlighting the lack of evidence to

support these elements, and Plaintiff has not identified any specific evidence as to any of these elements. Accordingly, the District Court should dismiss Plaintiff's FDCPA claim with prejudice.

The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service for which the called party is charged for the call." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 373 (2012) (citing 47 U.S.C. § 227(b)(1)(A)(iii). An "automatic telephone dialing system" is defined as equipment with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator" and to dial such numbers. 47 U.S.C. § 227(a). The Fifth Circuit has held that "[t]o be liable under the artificial or prerecorded voice, section of the TCPA . . . a defendant must make a call and an artificial or prerecorded voice must actually play." *Ybarra v. Dish Network, LLC*, 807 F.3d 635, 640 (5th Cir. 2015).

Here, Plaintiff alleges in his First Amended Complaint that Defendant used an automatic telephone dialing system to place its collection calls to him and that "[w]ith each call, there was a hold time of between 30 seconds to 1 minute, when finally . . . somebody would come online and ask for the Plaintiff by name." *See* Am. Compl. 12 ¶ 25 (ECF No. 17). Plaintiff does not allege that an "artificial or prerecorded voice" played on the call. Therefore, Plaintiff has failed to state a

claim under the TCPA. Plaintiff's First Amended Complaint is further deficient in that it does not provide sufficient factual allegations regarding the source, time, and frequency of any calls. Plaintiff's "bare bones" allegation that Defendant engaged in a "pattern and practice" of calling him at work and on his cell phone fails to state a claim under the TCPA. *See Cunningham v. TechStorm, LLC*, 2017 WL 721079, at \*2 (N.D. Tex. Feb. 23, 2017) (Lynn, C. J.) (holding that plaintiff failed to state a claim under the TCPA when he failed to provide the date or times for the calls and the frequency of the calls).

Defendant is also entitled to summary judgment on Plaintiff's TCPA claim because Plaintiff failed to identify any evidence that Defendant called Plaintiff using an automatic dialing system. In the absence of any evidence as to that element of the claim, the District Court should dismiss Plaintiff's TCPA claim with prejudice.

## Texas Retail Installment Sales Act ("TRISA")

Plaintiff further alleges that Defendant violated the TRISA, Tex. Finance Code §§ 345.065 and 345.301, when it failed and/or refused to provide Plaintiff with a copy of his completed membership contract. Am. Compl. 17 ¶ 43 (ECF No. 17). Defendant moves to dismiss this claim on the ground that Plaintiff's allegations do not state a cause of action under the TRISA. Def.'s Br. 7 ¶ 14 (ECF No. 21).

Chapter 345 of the Texas Finance Code "applies only to a retail installment transaction." Tex. Fin. Code § 345.007(a). A retail installment transaction is

defined as "a transaction in which a retail buyer purchases goods or services from a retail seller under a retail installment contract or retail charge agreement that provides for a time price differential and under which the buyer agrees to pay the unpaid balance and the time price differential in one or more installments." Tex. Fin. Code § 345.001(7). Here, Plaintiff has not alleged facts to show that Plaintiff and Defendant entered into a retail installment contract. Instead, Plaintiff's allegations under TRISA include only conclusory statements that he "would show that the Defendant violated the provisions of the Texas Retail Installment Sales Act" and that "Plaintiff's gymnasium membership contract with the Defendant was a 'retail installment contract,' as that term is defined in §§ 345.001 and 345.052[.]" Am. Compl. 17 ¶ 42 (ECF No. 17). Defendant is thus entitled to dismissal of Plaintiff's TRISA claim under Fed. R. Civ. P. 12(b)(6).

Defendant is also entitled to summary judgment on Plaintiff's TRISA claim because Plaintiff has failed to identify any evidence that would raise a genuine fact issue on any of the following elements: (1) that Defendant violated the statute; (2) that Defendant failed to present Plaintiff a copy of his membership agreement; and (3) that Defendant withheld the membership agreement. On July 6, 2018—well after the expiration of the deadline for filing a response to Defendant's summary judgment motion—Plaintiff filed a CD containing a video file. Attached to the CD is an email that purports to be from Plaintiff to defense counsel and states that, the video shows "two general managers conspired to keep [Plaintiff] from obtaining [his] contract." *See* ECF No. 26. The Court is not

required to consider this tardy filing, but will do so in the interest of justice. The video appears to have been recorded by Plaintiff as he speaks to a single employee at Defendant's gym. The employee shows Plaintiff a computer screen and explains that the employee does not have the authority to pull up Plaintiff's membership agreement, but the operations manager would be able to retrieve it. Plaintiff then asks if the employee could give him a blank copy of a service agreement and a blank copy of a contract. The employee explains that a service agreement and a contract are the same thing. The video ends after the employee hands Plaintiff a blank copy of the contract, and Plaintiff walks out of the gym. Contrary to Plaintiff's representations to defense counsel, the video does not show two general managers conspiring to keep Plaintiff from obtaining his contract. Instead, it shows Defendant's employee willingly assisting Plaintiff in his effort of obtain a copy of the agreement. Plaintiff's evidence fails to raise a genuine fact issue as to whether Defendant failed to present Plaintiff a copy of his membership agreement or withheld the membership agreement from him. Accordingly, the District Court should grant Defendant's summary judgment motion as to Plaintiff's claims under the TRISA and dismiss those claims with prejudice.

## Texas Deceptive Trade Practices Act ("DTPA")

Finally, Plaintiff alleges that he "would show that the Defendant violated provisions of the Texas Deceptive Trade Practices—Consumer Protection Act, which were a producing cause of damages to the Plaintiff." Am. Compl. 17-18 ¶ 46

(ECF No. 17).  Plaintiff does not identify with any specificity the conduct allegedly committed by Defendant that violates the DTPA. He merely states that Defendant "violated subdivisions (b)(5), (7), and (12) . . . in that they constituted false, misleading, or deceptive acts or practices. . . ." *Id.* at 18 ¶ 48. Plaintiff then recites the statutory language of Sections 17.46(b)(5), (7), (12), and 17.45(5), (9), (13). *Id.* ¶¶ 48-53.

To maintain an action under the DTPA, Plaintiff must plead and prove that: (1) he is a consumer; (2) defendant was engaged in a false, misleading, or deceptive act; and (3) the act constituted a producing cause of his damages. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 327 (5th Cir. 2002) (citing *Doe v. Boys Clubs*, 907 S.W.2d 472, 478 (Tex. 1995); Tex. Bus. & Com. Code Ann. § 17.50(a)(1). Federal Rule of Civil Procedure Rule 9(b) "requires that '[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud.'" *Ibe v. Jones*, 836 F.3d 516, 525 (5th Cir. 2016) (citing Fed. R. Civ. P. 9(b)). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and the contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Electronics, Inc. v. J.M. Huber* Corp, 343 F.3d 719, 724 (5th Cir. 2003) (citing *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). The complaint must set forth specific facts supporting an inference of fraudulent intent. *Ibe,* 836 F.3d at 525 (citing *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994)).

13

Plaintiff's DTPA allegations are vague and fail to satisfy the pleading standard of Rule 9(b). Def.'s Br. 8 ¶ 17 (ECF No. 21). In particular, Plaintiff's First Amended Complaint fails to allege the specific conduct by Defendant that constitutes a violation under the DTPA. Instead, Plaintiff provides only a "formulaic recitation of the elements" of the DTPA. *Twombly*, 550 U.S. at 555. Accordingly, Plaintiff has not alleged sufficient facts showing that Defendant violated the DTPA, and Defendant is entitled to dismissal of those claims.

Defendant further is entitled to summary judgment on Plaintiff's DTPA claim because he has failed to identify evidence that would raise a fact question as to whether: (1) Defendant engaged in false, misleading, or deceptive acts; (2) Defendant engaged in an unconscionable course of action; (3) any violation of the DTPA by Defendant was the producing cause of Plaintiff's injury; and (4) Plaintiff sustained any damages. Summ. J. Br. 7-8, ¶¶ 26-27 (ECF No. 24-2). Plaintiff failed to file a response to Defendant's summary judgment motion on this ground. In the absence of evidence sufficient to raise a fact question, Defendant is entitled to dismissal with prejudice of Plaintiff's DTPA claim.

## Recommendation

For the reasons stated, the District Court should GRANT Defendant Fitness International LLC's Motion to Dismiss (ECF No. 20) and its Motion for No-Evidence Summary Judgment (ECF No. 24) and dismiss Plaintiff's Amended Complaint (ECF No. 17) with prejudice.

**SO RECOMMENDED**.

August 15, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a _de novo_ determination by the District Court. _See Thomas v. Arn_, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. _See Douglass v. United Services Auto. Ass'n_, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).